## JACOB J. HUFFMAN v. BENJ. HUFFMAN.

ERROR TO THE COURT OF COMMON PLEAS OF GREENE COUNTY.

Argued October 7, 1887—Decided January 3, 1888.

1. A parol gift of her real estate by a married woman, or by her and her husband, though followed by such possession and improvements as between parties competent to contract would take the case out of the statute of frauds, is a nullity.

2. Since the passage of the act of February 24, 1770, 1 Sm. L. 307, the only mode by which a married woman can convey her real estate is by deed in the execution of which her husband has joined under the provisions of said act.

Before Gordon, C. J., Paxson, Sterrett, Green and Williams, JJ.; Trunkey and Clark, JJ., absent.

No. 116 October Term 1887, Sup. Ct.; court below, No. 123 January Term 1884, C. P.

This was an ejectment begun on December 12, 1883, by Benjamin Huffman and five others, his brothers and sisters, against Jacob J. Huffman, another brother, to recover the undivided six eighths of sixty-six acres. and fourteen perches of land in Washington township.

At the trial on January 22, 1887, it was shown that Nancy A. Huffman, the mother of the parties to the suit, died in 1882, and John Huffman, their father, in 1883. It was found, and no question as to the finding raised here, that the title to sixty-two acres and eighty-nine perches of the land in dispute was in Nancy A. Huffman and the title to three acres and eighty-five perches thereof was in John Huffman, or outstanding. The plaintiffs claimed to recover as heirs at law.

The defendant introduced evidence tending to show that in 1859 he had rented the land in dispute from his father for $50 per year; that in 1861, his father and mother made a parol gift of said land to him, pointing out the lines, and that in pursuance thereof he had ever since held possession, used and treated the land as his own, made valuable improvements, built a house in which he and his family lived, etc.; that such possession had been held for more than twenty-one years prior to the bringing of the suit, and that neither John Huffman nor his wife had at any time interfered with defendant's possession in any way, or claimed anything in the way of rent.

The court, Inghram, P. J., charged the jury in accordance with his answers to the points presented which were inter alia as follows:

Plaintiff's points.

3. If Mrs. Huffman was owner of the whole of the land in controversy any parol gift of it to the defendant by her, or by her and her husband, would be a nullity as to her.

Answer: Affirmed.[2]

4. If Mrs. Huffman was owner of the whole of the land in controversy any parol gift of it to the defendant by her, or by her and her husband, would be a nullity as to her, although

Charge of Court below.

the gift may have been followed by such possession and expenditure for improvements, as would take a case between parties competent to contract out of the statute of frauds and perjuries.

Answer: Affirmed.[1]

5. If Mrs. Huffman was owner of only part of the land in controversy, any parol gift of it by her, or by her and her husband, would be a nullity as to her.

Answer: Affirmed.[3]

6. So far as Mrs. Huffman is concerned, the defendant has shown no parol gift of the land in controversy, or any part of it, which equity would enforce.

Answer: Affirmed.[5]

8. If the land in controversy was the property of Mrs. Huffman the jury should find for the plaintiffs as to six eighths of the land described in the writ.

Answer: Affirmed.[4]

Defendant's points.

1. If the jury believe from the evidence that the title to this land in dispute was in John Huffman and that John Huffman died something over 21 years after he put his son Jacob, the defendant here, in possession of it and that he did not interfere in any manner with Jacob's claim of title, that claim being one of right in himself, and that John Huffman did not disturb Jacob's possession during all this time, then their verdict should be for the defendant.

Answer: Affirmed.

2. If the jury believe from the evidence that Jacob Johns made a parol gift of about 200 acres of land covering the land in dispute, about years 1826 or 7, to John Huffman and his wife, and that the said donees took possession in pursuance of the gift aforesaid, cleared the land, built a brick house, made other valuable improvements and treated and used the land as their own, holding possession of part of said land until the fall of 1861, at which time they made a parol gift of about 66 acres to defendant, and the balance of said 200 acres was held by them until the death of Nancy Ann Huffman in September, 1882, at which time the husband John Huffman was still alive, then the holding of John Huffman and wife to the 200 acres given them by Jacob Johns was by entireties, and a parol gift

by the husband and wife to Jacob Huffman of the land in dispute in 1861 would pass the title thereto to Jacob Huffman if he took or continued in possession in pursuance of said gift, made valuable and permanent improvements and used and treated the land as his own, and their verdict should be for the defendant.

Answer : Refused.

3. Even if the jury should believe from the evidence that the title to the land in dispute was in Nancy Ann Huffman, yet if they further believe that Nancy Ann Huffman and John Huffman in the year 1861 made a parol gift of the same to the defendant and pointed out the boundaries thereof to him, and that defendant entered into or continued in possession in pursuance of the gift ; that he held the same adversely, continuously, notoriously and uninterruptedly for upwards of 21 years before the bringing of this suit ; that he built a house, planted an orchard, and made other valuable improvements, such gift, possession and improvements would give the defendant the title to the land in dispute, and their verdict should be for the defendant.

Answer : Refused.[12]

7. If the jury believe from the evidence that the defendant held and used the land in dispute as his own for a period of 21 years prior to the bringing of this suit ; that the defendant's possession and holding was not interfered with by John Huffman or his wife in any way and that he was not required and did not pay during said period any rents of any kind to John Huffman and his wife or either of them, then the presumption of the law is that there was a gift or grant of the land in dispute to the defendant, and his title thereto has become perfect by lapse of time, and said holding is evidence of the absolute character of the gift, and their verdict should be for defendant.

Answer : That point is correct and is affirmed so far as John Huffman is concerned, but so far as his wife, Nancy Ann Huffman is concerned, we have already instructed you that if you should find that the property belonged to her at that time, that the plaintiffs would have a right to recover in this suit. With that explanation the point is correct and is affirmed so far as John Huffman is concerned.[9]

9. If the jury believe from the evidence that the defendant,

and those claiming under him, held notorious, continuous, un-interrupted, adverse and hostile possession of the land in dispute for a period of twenty-one years prior to the bringing of this suit, their verdict should be for the defendant.

Answer : That point is correct and is affirmed with the explanation given to you in our general charge as to the claim of ownership by Mrs. Huffman.[10]

10. The real question in this case is not so much what was intended by the donor or donors, as what the donee's understanding was, what he claimed and what he did under the parol gift.   Did defendant consider the gift absolute and under that idea did he hold adversely, notoriously and continuously, to his father or to the mother under his, her or their parol gift for the period of twenty-one years prior to the bringing of this suit ; if so, the verdict should be for the defendant.

Answer : That point is correct and is affirmed so far as John Huffman's interest in the land is concerned as we have already explained to you in our general charge.   With that explanation the point is correct and is affirmed.[11]

The verdict was for the plaintiffs for six eighths of the land described in the writ, less three acres and eighty-five perches, and as to that amount for the defendant, agreeably to plots filed.   Judgment being entered, the defendant took this writ, assigning for error :

1. The answer to the plaintiffs' fourth point.[1]
2–5. The answers to the plaintiffs' points.[2 to 5]
9–12. The answers to the defendant's points.[9 to 12]

*Mr. P. A. Knox* (with him *Mr. Jas. E. Sayers* and *Mr. R. F. Downey*), for the plaintiff in error :

1. The act of February 24, 1770, 1 Sm. L. 307, regulating the mode of conveyance in case of a sale of the wife's realty, does not apply to cases of partition or division of the lands of the husband and wife among their children, or to family arrangements :   Rhoads' Est., 3 R. 420 ;   McConnell v. Carey, 48 Pa. 350.   While our case is not that of a partition by heirs or devisees, yet it is a partition or division of lands held by a husband and wife jointly or in common among their children, in pursuance of an arrangement between the parents as to the division and distribution of all their lands, and fully

executed so far as the land in dispute is concerned. Nor does the said act apply to parol gifts of lands by parents to their children. It simply regulates the mode of executing written assurances or deeds of conveyance.

2. The defendant, having taken or retained immediate possession of the land in dispute, after the parol gift to him by his father and mother, which he has ever since held, asserted and relied upon, holds by virtue of an executed gift or grant, such as his mother, in conjunction with her husband, could and did make and execute: Ebert v. Wood, 1 Binn. 216; Jamison v. Dimock, 95 Pa. 57; Smith v. Patton, 1 S. & R. 83; Pugh v. Good, 3 W. & S. 58.

3. The plaintiffs are now estopped from recovering the land in dispute. To permit certain heirs of Mrs. Huffman, contrary to her intent and in the face of all she did to induce the defendant to take, improve, use and hold the land as his own, and of all he did in reliance thereon, would be contrary to law and equity: Sower v. Weaver, 84 Pa. 267; McKelvey v. Truby, 4 W. & S. 323; Woodward v. Tudor, 81* Pa. 394; McCullough v. Wilson, 21 Pa. 436; Bigelow Est., 2d ed., 445, 446, 448; Bisp. Eq., 2d ed., § 293; Welsh v. Oates, 9 Phila. 154; Fulton v. Moore, 25 Pa. 468; Couch v. Sutton, 1 Gr. 114; Commonwealth v. Shuman, 18 Pa. 343; Smith v. Warden, 19 Pa. 424; Keen v. Coleman, 39 Pa. 299; Keen v. Hartman, 48 Pa. 497; Meason v. Kaine, 67 Pa. 132; Miller v. Miller, 60 Pa. 22; Brown's App., 94 Pa. 367.

*Mr. F. P. Iams* (with him *Wyly, Buchanan & Walton*), for the defendants in error:

1. Since the act of February 24, 1770, 1 Sm. L. 307, any attempt of a married woman to alienate her lands not in conformity with the terms of that act, is a nullity: Trimmer v. Heagy, 16 Pa. 484; Peck v. Ward, 18 Pa. 506; Ulp v. Campbell, 19 Pa. 361; Glidden v. Strupler, 52 Pa. 400.

2. The jury having found that Mrs. Huffman was the owner of the land in controversy, the plaintiffs are not barred by the statute of limitations, which would not run against them during the lifetime of their father: Ege v. Medlar, 82 Pa. 86; Hogg v. Ashman, 83 Pa. 80. In any event they would not be barred under thirty years: act of April 22, 1856, P. L. 532.

OPINION, MR. JUSTICE PAXSON:

We are unable to see any error in the affirmance of the plaintiffs' fourth point. The defendant claimed title to the land in controversy under a parol gift from his father and mother, by virtue of his possession and improvements in pursuance thereof, and also under the statute of limitations. The plaintiffs' fourth point asked the court to instruct the jury that, "If Mrs. Huffman was the owner of the whole of the land in controversy any parol gift of it to the defendant by her, or by her and her husband, would be a nullity as to her, although the gift may have been followed by such possession and expenditure for improvements as would take a case between parties competent to contract out of the statute of frauds and perjuries." The court affirmed this point and instructed them that if Mrs. Huffman was the owner, any parol gift of it to the defendant, or by her and her husband, would be a nullity as to her.

The only mode by which a married woman can convey her real estate in Pennsylvania is by a deed in which her husband is joined. This is by virtue of the act of assembly, and the principle is too well settled to require argument or the citation of authority. I will refer, however, to Trimmer v. Heagy, 16 Pa. 484; Peck v. Ward, 18 Pa. 506; Ulp v. Campbell, 19 Pa. 361.

A number of cases were cited by the plaintiff in error, however, to show that a married woman who has made a parol gift of lands may by her acts be estopped from denying such gifts, as where she has encouraged her grantee to make improvements and do such acts as would amount to a fraud in case she were afterwards to repudiate them. We may dismiss this branch of the case with the remark that it was not tried below upon the theory of estoppel, and the learned court was not asked to instruct the jury upon it. Nor does the evidence furnish any sufficient grounds to apply such a principle, even though the cases cited sustained it. We may further remark that most of the cases refer to the transfer of personal property, which do not come within either the act of 1770 or the act of 1848, regulating the transfer by married women of their interest in real estate.

In regard to the statute of limitations it is sufficient to say that the act of April 22, 1856, P. L. 532, fixes thirty years

as the period when persons under disabilities are barred. The defendant's proof did not come up to this standard.

There are numerous assignments of error in the case, but they are carved out of the first. We have referred to the only two questions which are of importance.

Judgment affirmed.